United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maria Sherrer, Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 14-24903-Civ-Scola |
| | ) |
| Miami-Dade County, Defendant | ) |

**Order Granting In Part, Denying In Part Motion To Dismiss**

Maria Sherrer got a pet sheep as a comfort animal to alleviate the symptoms of her depression. Miami-Dade County cited Sherrer for keeping the sheep on her residential property in violation of the County's zoning code. Sherrer has sued the County, alleging violations of the Fair Housing Act, the Rehabilitation Act, and the Americans with Disabilities Act. Sherrer claims that Miami-Dade County is liable for not granting her a reasonable accommodation from its zoning laws to allow her to keep her comfort sheep. Miami-Dade County asks the Court to dismiss her claims because, they argue, she has not requested a variance from the zoning code and so the case is not yet ripe. As explained in this order, the Court concludes that Sherrer's claims that Miami-Dade County failed to grant her a reasonable accommodation to keep her sheep are not yet ripe, but her claims that Miami-Dade County failed to grant her a reasonable accommodation from the usual zoning-variance process may proceed.

**1. Sherrer's claims that Miami-Dade County failed to grant her a reasonable accommodation to keep her sheep are not yet ripe.**

"The jurisdiction of federal courts is limited." *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1335, 1338 (11th Cir. 2005) (citing U.S. Const. art. III, § 2). Because a federal court may not issue "advisory opinions" and must not waste resources by reviewing "potential or abstract disputes," a federal court cannot take up a party's claim unless that claim is *ripe* for review. *Id.* A claim is *ripe* if a party can show that she "has sustained, or is in immediate danger of sustaining, a direct injury as the result of" the act complained of. *Id.*

A person claiming that a zoning ordinance violates a federal right must first request a variance from the ordinance before a challenge to its application is ripe for judicial review. *See Reahard v. Lee Cnty.*, 30 F.3d 1412, 1415 (11th Cir. 1994) (citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186–89 (1985)). Although the Eleventh Circuit has not ruled directly on the issue of whether a variance request is a prerequisite to challenging a zoning ordinance under the Fair Housing Act, the Rehabilitation

Act, or the Americans with Disabilities Act, the court has pointed out that several courts have held that "if there is a local procedure (such as a variance process)" through which a person can obtain the accommodations she wants, "she must use that procedure first and come away unsatisfied prior to filing suit in federal court." *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1219 n.11 (11th Cir. 2008). This is consistent with the general rule that when a person seeks an accommodation under the Fair Housing Act, the Rehabilitation Act, or the Americans with Disabilities Act, "the duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made." *United States v. Hialeah Hous. Auth.*, 418 F. App'x 872, 876 (11th Cir. 2011).

Sherrer argues, unconvincingly, that she should not be required to submit a variance request because doing so would be futile. (Resp. 9, ECF No. 6.) A person may skip the variance-request step and jump right into court if "it is clear that the result of the [variance] procedures is foredoomed." *United States v. Village of Palatine, Ill.*, 37 F.3d 1230, 1234 (7th Cir. 1994). Sherrer alleges that Miami-Dade County's staff would "definitely" give a negative recommendation of her variance request to the Zoning Board. (Compl. ¶ 23, ECF No. 1.) But a negative staff recommendation is not the same as asserting that the Zoning Board would definitely deny Sherrer's variance request. Sherrer has not shown that submitting a variance request would be futile.

Sherrer further argues that she should not be required to submit a variance request because there will be an undue delay in considering the request. (Resp. 10, ECF No. 6.) "The failure to make a timely determination after meaningful review amounts to constructive denial of a requested accommodation, as an indeterminate delay has the same effect as an outright denial." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1286 (11th Cir. 2014) (quotation marks omitted). Sherrer alleges that the variance request process would take four to six months. (Compl. ¶ 23, ECF No. 1.) A four to six month turn-around time for a decision on a variance request does not equate to a constructive denial of the request. Logically, since Sherrer has not even requested a variance, she cannot allege that Miami-Dade County failed to make a timely determination of that request.

The cases that Sherrer cites are not relevant, not persuasive, or not binding. The analysis is relatively straightforward. If a person with a disability needs a reasonable accommodation, he or she must ask for it. *Hialeah Hous. Auth.*, 418 F. App'x at 876. If the requested accommodation relates to a zoning ordinance, the request must go through the variance process. *Village of Palatine, Ill.*, 37 F.3d at 1233; *accord Oxford House-C v. City of St. Louis*, 77 F.3d 249, 253 (8th Cir. 1996) ("Congress . . . did not intend the federal courts

to act as zoning boards by deciding fact-intensive accommodation issues in the first instance."). Until a variance request has been presented and rejected, a claim that a zoning ordinance discriminates is not ripe. *Village of Palatine, Ill.*, 37 F.3d at 1233. In this case, Sherrer has admittedly not presented a variance request. (*See* Compl. ¶ 26, ECF No. 1.) Her challenge to Miami-Dade County's zoning ordinance prohibiting sheep on residential property is not yet ripe.

### 2. Sherrer's claims that Miami-Dade County failed to grant her a reasonable accommodate from the usual zoning process may proceed.

A challenge to a zoning ordinance is not ripe until a person has requested a variance; but a challenge to the variance process itself (as not reasonably accommodating the needs of persons with disabilities) is ripe for judicial review. *Village of Palatine, Ill.*, 37 F.3d at 1233. Through this lawsuit, Sherrer asserts that Miami-Dade County refused to approve her request for reasonable accommodations from the variance process. (Compl. ¶ 23–25, ECF NO. 1.) These claims are ripe now, and may proceed.

### 3. The *Rooker-Feldman* doctrine precludes this Court from reviewing the state court's decision regarding Sherrer's past zoning violations.

Miami-Dade County argues that the *Rooker-Feldman* doctrine bars Sherrer from challenging the state court's decision to cite her for the zoning code violation (having a sheep on her residential property) in federal court. "Under the *Rooker-Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997).

When Sherrer's doctor told her that a support animal would help her, Sherrer did not apply for a variance to the County's zoning ordinance to allow her to keep a sheep on her residential property. (*See* Compl. ¶¶ 5–7, ECF No. 1.) Instead, she simply got an emotional support sheep, kept it on her property, and received a citation because keeping the sheep violated the County's zoning ordinance. A County hearing officer determined that she had violated zoning ordinances, and a Circuit Court Judge later affirmed that decision. (*Id.* ¶¶ 14, 27.)

This Court does not have subject-matter jurisdiction to reconsider the Circuit Court's decision to affirm the hearing officer's conclusion that Sherrer violated County zoning ordinances by keeping her comfort sheep on her residential property. *See Dale*, 121 F.3d at 625 ("[T]he ADA does not authorize independent federal appellate review of final state court decisions."). To the

extent that Sherrer's claims seek to overturn the state court's decision, the Court dismisses those claims.

### 4. Sherrer has standing under ADA.

"Title II of the ADA states that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Morgan v. Christensen*, 582 F. App'x 806, 809 (11th Cir. 2014) (citing 42 U.S.C. § 12132). Sherrer alleges that the County's zoning-variance procedures discriminate against her by requiring her to pay a fee, publicly disclose her disability, provide materials irrelevant to her disability, and then wait four to six months. (Compl. ¶ 37.) These allegations are enough. The County claims that the sheep does not meet the definition of a "service animal" in the Code of Federal Regulations. However, Sherrer's claims are *not* that her sheep is a service animal but rather that it is an *assistance animal* or *emotional support animal*. There is currently no definition of an emotional support animal in the Code of Federal Regulations. Her claims are that the County failed to grant her a reasonable accommodation from the usual zoning-variance process.

### 5. Conclusion

As explained in this Order, Sherrer does not have standing to challenge the County's zoning ordinance that forbids her from keeping her comfort sheep on her residential property. This is because she first has to request an exception from this ordinance through the variance process. Sherrer may also not seek to set aside the state circuit court's legal ruling. But Sherrer may proceed with her claims that the County's established variance process discriminates against her and that the County must provide her reasonable accommodations from the usual procedure.

**Done and ordered** in chambers at Miami, Florida on July 17, 2015.

_____
Robert N. Scola, Jr.
United States District Judge